# CHARLESTON.

STATE *ex rel.* S. L. BARBER *et al.* v. COUNTY COURT JACKSON COUNTY.

(No. 5558)

Submitted October 27, 1925. Decided November 3, 1925.

ABATEMENT AND REVIVAL—*In Mandamus to Require County Court to Put Road in Repair, it is Sufficient Answer That Court is Proceeding to Hear and Determine Matters Arising on Petition of Citizens to Discontinue Road.*

It is sufficient answer to an alternative writ of mandamus, commanding the county court of a county to put in good repair and condition for public travel a public road in said

, county, that a petition by citizens of the county in which said
road is located has been filed with the county court, under
the provision of chapter 43, section 136, Code, asking that
said road be discontinued, and that said court is proceeding
according to law to hear and determine the matters arising
on such petition.

(Abatement and Revival, 1 C. J. § 87; Mandamus, 38 C. J. § 45.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Original application by the State, on the relation of S. L.
Barber and others, for mandamus to be directed to the
County Court of Jackson County.

*Writ denied.*

*Lewis H. Miller* and *J. L. Wolfe,* for relators.
*W. F. Boggess,* for respondent.

WOODS, JUDGE:

This is an original application to this court by S. L. Barber,
A. A. Barber, Laura Stone, Julius Donahue and Rachel
Kessel, citizens of Jackson county, for a writ to compel the
county court of Jackson county, to repair and keep open for
travel, a certain county-district road, known as the Mill Creek
and Ripley Landing road extending from the residence of
one A. G. Taylor to the east end of the concrete bridge at
Cottageville, in Jackson county.

Relators aver in their petition that the said road was legally
established many years ago, and used as such by the public
until about three years ago, when the county court ceased
to work it and expend the public monies for its upkeep, with
the result that it has been permitted to fall into a bad state
of repair and a portion thereof is wholly impassable for pub-
lic travel thereon; that it is the outlet for the relators from
their homes to school, church and the county seat; that it has
not been annulled or discontinued according to law; and that
the county court with full knowledge of its bad condition of
repair, fails and refuses to perform the duty cast upon it by
law of keeping the said road open, free from obstructions,
passable and fit for travel. An alternative writ was awarded

upon this petition, commanding the county court to at once put said road in repair and condition for public travel, or appear and show cause, if any it can, why it refuses to do so.

The respondent, county court, answered to the effect: (1) that the section of road set out in the writ was abandoned upon the locating and grading of State Highway Route No. 5; (2) that a part of said abandoned road has not been used or traveled by the public for three years; that a part of the same is located in very low and marshy land, now overgrown with marsh weeds and strewn with driftwood, and that it had been impassable a great deal of the time since its location; and, that it would require large sums of money for its upkeep; (3) that respondent has expended large sums of money on that part of said road from the Barbers down to the east end of the concrete bridge at Cottageville, to provide them an outlet, and that same is in good repair; (4) that on the 5th day of October, 1925, A. G. Taylor, and eighteen other citizens, residents and taxpayers of Union district, Jackson county, presented their petition in writing to the said county court praying a discontinuance of that part of Mill Creek and Ripley Landing public road beginning at the eastern line of lands of S. L. Barber (one of relators) on said road and running thence up Mill Creek the entire distance of said public road which ends near to the residence of said A. G. Taylor, averring in said petition, as a reason for such action, that it would be impossible to maintain a public road on such location that would be of any practical benefit to the public. The court ordered the petition to be filed and directed issuance, publication and posting of the notices required by Section 136, Chapter 43, Code, and the further consideration of the matters arising on said petition was, by order duly entered on the record, continued until the maturity of said notice, to be heard and determined in manner and form provided by statute.

The averments in the petition and the answer thereto, were supported by divers affidavits.

As this court has before held, the duty of a county court to keep and maintain a highway in a proper state of repair, may be enforced by mandamus. *State ex rel Robinson* v.

*Board of Commissioners*, 82 W. Va. 724. While the perform-
ance of this duty will be compelled, the character of the re-
pairs that shall be made is left with the discretion of the
governing bodies. As to whether the part of the road be-
tween the home of the relators, Barbers, and the concrete
bridge at Cottageville, is out of repair, the evidence is con-
flicting—about evenly balanced. The relators have the la-
boring oar. All are agreed as to the other part of the road
being impassable. However, we are met with the fact that
proceedings are now pending in the proper forum to deter-
mine whether or not that part of the road in question here
shall be discontinued. This action was set in motion by citi-
zens and taxpayers of the same district in which the road
is located. Code, Chapter 43, Section 136, provides: "The
county court of the county may, upon petition, direct that
any county-district road, * * * * be discontinued, but notice
of such petition must be published according to the provisions
of this act, and in addition, notices must be placed at three
public places in every district in which any part of said road
or landing may be. · Upon such petition, after notice given
as aforesaid, the county court shall appoint two or more
viewers or a committee of their own body, who, together with
the county road engineer, shall view such road or landing and
report in writing whether, in their.opinion, any, and if so,
what inconvenience would result from discontinuing the same.
Upon such report and other evidence, if any, the court may
discontinue the road, * * * * taking care in case of an estab-
lished post road, not to discontinue the same until another
has been established." Under this section the legislative pur-
pose was and is to confer upon the county court a quasi
judicial power and discretion to discontinue any road under
its control. This discretion is one to be exercised in the in-
terest of the public. The Legislature rightly assumed that no
county court would discontinue a road under such conditions
as to prejudice the public or to put the people to incon-
venience. This discretion may not be controlled by prohi-
bition. *Armstrong* v. *County Court*, 54 W. Va. 502. Nor by
mandamus. *State* v. *Board*, 85 W. Va. 739. In *State* v.
*County Court*, 33 W. Va. 589, Judge SNYDER in delivering

the opinion of the court, said: ''It is a well established rule both in mandamus and prohibition, that neither will lie where another specific and adequate remedy exists nor to correct the errors of inferior courts in matters properly within their jurisdiction.'' Where the matter is clearly within the jurisdiction of the inferior court a mere error in the proceeding may be grounds for appeal and review.

We hold that the pendency of the proceeding before the county court for the discontinuance of the highway is a sufficient answer to the writ, although it was instituted subsequently to the service of the alternative writ. *People* v. *Commissioners*, 1 Thompson & C. (N. Y.) 193. The writ is in the nature of an order to show cause, and any cause which exists at the time fixed for showing cause is available as an answer to the command of the writ. Even if the issuing and service of the writ is to be considered the commencement of an action, still, a fact occurring after the service of the writ, may be set up in the return as a defense, as in an action at law. ''If any matter of defense has arisen after an issue of fact has been joined, or after joinder in demurrer, it may be pleaded by the defendant.'' 1 Chitty's Pl. 696. We are therefore of opinion to deny the writ in this case.

*Writ denied.*